Nirmal SINGH, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 04–73204.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 2008.

Filed March 4, 2008.

---

Pardeep S. Grewal, Law Offices of Pardeep S. Grewal, Castro Valley, CA, Inna Lipkin, Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

Britannia I. Hobbs, Office of the U.S. Attorney, Portland, OR, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: NOONAN, THOMAS, and BYBEE, Circuit Judges.

## MEMORANDUM *

Nirmal Singh, a citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Because the parties are familiar with the factual and procedural history, we will not recount it here. Where the BIA affirms the IJ's decision without issuing an opinion, we review the IJ's decision as the final agency determination. *Knezevic v. Ashcroft*, 367 F.3d 1206, 1210 (9th Cir.2004). We review the IJ's factual findings, including credibility determinations, for substantial evidence. *See Cordon–Garcia v. INS*, 204 F.3d 985, 990 (9th Cir.2000). We conclude that the IJ's adverse credibility finding is supported by substantial evidence and deny Singh's petition for review.

Many of the discrepancies in Singh's testimony highlighted by the IJ do not go to the heart of Singh's claim. However, some discrepancies did directly relate to his claims, such as his contradictory statements about his arrests. Further, as the IJ noted, the discrepancy in the dates to which Singh testified "go[es] beyond the ordinary discrepancy in dates."

Singh's partial explanation for his inconsistent testimony was that he had some form of mental impairment. However, the IJ concluded that he could not credit Singh's testimony due to "the Court's inability to determine what respondent's physical condition is, and what effect it has on respondent's ability to testify consistently in support of his application." Substantial evidence supports this conclusion. The IJ continued Singh's merits hearing four different times in order to provide Singh with the opportunity to present medical evidence explaining his memory failures. Despite all these opportunities, Singh failed to provide a clear explanation.

Singh initially claimed he suffered from memory lapses due to a head injury he had sustained. After the first continuance,

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Singh provided a note from a medical clinic indicating he suffered from diabetes and a knee problem, but the note gave no explanation as to what effects, if any, his medical conditions or medication had on his memory. Following the second continuance, Singh provided what appeared to be a psychological evaluation from a specialist in gastroenterology and endoscopy. Questioning the basis of the doctor's qualifications to provide a psychological evaluation, the IJ continued the hearing for a third and then a fourth time.

Singh then presented a report from Dr. Helayna Taylor, a licensed psychologist, and offered her for cross-examination. Dr. Taylor diagnosed Singh with depressive disorder and anxiety disorder and stated that he "exhibits a pattern of memory difficulties." She noted that "[p]oor concentration and memory problems are often a symptom of depression and anxiety." However, she was unable to conclude that Singh's memory difficulties did, in fact, stem from his psychological disorders.

Under other circumstances, if the IJ had made an adverse credibility finding in face of evidence that a petitioner had mental impairments that affected memory, the finding might be inappropriate. However, here, the IJ allowed the petitioner numerous opportunities to demonstrate the disability. Given Dr. Taylor's inability to explain Singh's memory problems to any reasonable certainty, Singh's own varying explanations for his confusion, and the unpersuasive medical evidence he submitted after the first two continuances, we conclude that the IJ's adverse credibility finding is supported by substantial evidence.

The IJ also considered corroborating evidence and determined that it was not sufficient to satisfy petitioner's burden of proof. This finding is amply supported by the record.

Because substantial evidence supports the IJ's denial of petitioner's eligibility for asylum, withholding of removal, and relief under the Convention Against Torture, we must deny the petition for review.

**PETITION DENIED.**